UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUIS CAMAS                                    **COMPLAINT**

                      Plaintiff,

M & G TAPAS REST. CORP d/b/a EL
PORRON, GONZALO BERMEO,

                      Defendants,
-------------------------------------------------------------X

Plaintiff Luis Camas ("Plaintiff") by and through his attorneys, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks unpaid minimum wage, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks, unpaid minimum wage, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

1

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 201 and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6. Plaintiff Luis Camas ("Plaintiff") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff was employed by Defendants as a busboy, as described herein, beginning from in or around May or June 2015 until his termination in or around November 2015.

7. Plaintiff's written consent to sue is attached hereto as Exhibit "A"

8. Defendant M & G TAPAS REST. CORP d/b/a EL PORRON ("EL PORRON") is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 1123 1st Avenue, New York, New York, 10065.

9. Defendant GONZALO BERMEO ("Bermeo") is the manager and/or operator of Defendant El Porron. Defendant Bermeo has, and at all relevant times had, and

exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

10. Defendants El Porron and Bermeo are herein collectively referred to as "Defendants".

11. Defendants grossed more than $500,000.00 in each of the last six calendar years.

12. At all relevant times, Defendants has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

### FACTUAL ALLEGATIONS

13. Defendants operate a Spanish styled restaurant under the names of El Porron.

14. At all times relevant hereto, Defendants employed Plaintiff as a non-exempt busboys.

15. Defendants generally scheduled Plaintiff to work 6 days per week, between 42 hours and 47 hours per work week.

16. Defendants assigned Plaintiff to work- and Plaintiff worked- Tuesday through Friday from 4pm through between 10pm and 12am and Saturday from 12pm through approximately 12am.

17. Defendants paid Plaintiff $5 per hour worked up to 40 hours a work week.

3

18. Defendants paid Plaintiff **$0.00** per hour worked in excess of 40 hours per work week, which is far below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

20. Defendants failed to pay Plaintiff the required overtime premiums of one and one half times his regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

21. Defendants required Plaintiff to perform various non-tip duties, such as, *inter alia*, cut the bread, bring ice for the bar, fix the candles and lights on the table, take out all the clean glasses to the bar, bring alcohol from the basement to the bar, and clean the forks, knives, and spoons.

22. Plaintiff's non-tip duties normally took 1.5 hours to complete.

23. Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday. (12 N.Y.C.R.R. §146).

24. Plaintiff did not receive any tip credit notice. Defendants failed to inform Plaintiff that his tips would be used as a credit against the minimum wage. Moreover, Plaintiff's wage statement did not show the amount of the tip credit claimed for each relevant pay period.

25. Defendants paid Plaintiff either at or below the "tip credit" minimum wage, which is less than the federal and the New York State minimum wages. Defendants, however, were not entitled to take any tip credits under the FLSA and NYLL, because they (i) failed to properly provide notice to Plaintiff that Defendants were taking a tip credit in

violation of the FLSA and NYLL, and (ii) failed to provide proper wage statements informing Plaintiff of the amount of the tip credit taken for each payment period in violation of the NYLL.

26. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff due to the invalid tip-credit that Defendants claimed.

27. Defendants did not pay Plaintiff an hourly minimum wage rate of pay for all hours worked.

28. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

29. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

30. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid minimum wage for all hours worked. Defendants knew that the nonpayment of minimum wage would economically injure Plainitff and that they violated the FLSA and the NYLL.

31. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

**FIRST CLAIM FOR RELIEF**
(Failure to Pay Overtime Wages – FLSA)

32. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

33. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

34. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the required overtime rates for hours worked in excess of forty (40) hours per workweek.

35. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

36. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
(Failure to Pay Minimum Wage – FLSA)

37. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

38. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

39. Plaintiff seeks damages in the amount of his respective unpaid minimum wage, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

40. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage and Overtime Wages – NYLL)**

41. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

42. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

43. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

44. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

45. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Spread of Hours – NYLL)**

46. Plaintiff realleges and incorporates by reference all previous paragraphs.

47. Plaintiff regularly worked more than 10 hours in a workday.

48. Defendants willfully and intentionally failed to compensate Plaintiff additional compensation of one hour's pay at the basic New York minimum hourly wage rate for each day that they worked in excess of 10 hours, as required by the NYLL.

49. By virtue of Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.

50. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff sustained damages, including loss of earnings, in an amount to be established at trial.

51. Due to Defendants' NYLL violations, Plaintiff seeks damages in the amount of his respective unpaid spread of hours wages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(Notice Violations & Wage Statement Violations – NYLL §195)

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

53. Defendants failed to supply Plaintiff with notice as required by NYLL § 195, in English or in the languages identified as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with

NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

54. Defendants willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

55. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $200 for each workday for violations that occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each workday that the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages, according to proof, including FLSA and NYLL liquidated damages, interest, and statutory damages to be paid by Defendants;

(b) Costs of action incurred herein, including expert fees;

(c) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(d) Pre-Judgment and post-judgment interest, as provided by law; and

(e) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: April 19, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____
Gennadiy Naydenskiy (GN5601)
2747 Coney Island Ave
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff*

# EXHIBIT A

I am a current or former employee of M & G TAPAS REST. CORP d/b/a EL PORRON, GONZALO BERMEO, and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ___ day of _____, 2016.

_____
Signature

_____Luis Camas_____
Full Legal Name (print)